UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mark Cramblit, *et al.*, | : | |
| Plaintiffs, | : | Case No. C2-05-301 |
| vs. | : | Judge Sargus |
| City of Columbus Ohio, *et al.*, | : | Magistrate Judge King |
| Defendants. | : | |
| ………………………….. | | |
| Mark Cramblit, *et al.*, | : | |
| Plaintiffs, | : | Case No. C2-05-413 |
| vs. | : | Judge Sargus |
| City of Columbus Ohio, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**AGREED PROTECTIVE ORDER**

To facilitate discovery in these lawsuits and to protect the parties' interests in the confidentiality of privileged and personally sensitive matters contained in certain documents, including medical records and information, the parties, pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby stipulate and agree that documents and information produced by the parties in these actions shall be subject to the terms and conditions of this Agreed Protective Order ("Order"). Documents being produced pursuant to this Order are subject to discovery motions. The parties agree to treat such documents as confidential until such time as the Court rules on any discovery motions dealing with confidentiality. Should the Court rule that any documents are not entitled to confidential treatment, this Order will expire as to those documents only. Should the

1

Court rule that any documents are entitled to confidential treatment, those documents will remain confidential pursuant to this Order.

1. The parties may designate documents for which protected status is claimed by stamping or labeling such document "Confidential" on the first page of each document produced. No documents that are publicly available can be designated as confidential, such as documents filed with or maintained by government agencies available under the Freedom of Information Act or similar laws, unless they are exempt from disclosure.  All documents and information produced in these actions and designated as Confidential shall be subject to the provisions of the Order.  Upon the designation of any document as Confidential, all copies of such documents then or at any time thereafter in the possession or control of any party to this Order, from whatever source received, shall be subject to the provisions of this Order.

2. Documents designated Confidential in accordance with this Order shall be used solely for the purpose of these actions and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) the parties to these actions; (b) counsel of record to any party to this Order and other attorneys for Defendants; (c) the clerical, paralegal staff, or other support staff of such counsel to these actions employed during the preparation for and trial of these actions; (d) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in these actions (and their employees); (e) deponents and court reporters in these actions; (f) the Court and Court personnel; (g) potential witnesses or consultants who have a need to see confidential documents; and (h) outside document management services.  Confidential documents or information disclosed to any such

person shall not be disclosed by him or her to any other person not included within the foregoing subparagraphs (a) through (h) of this paragraph.  No such documents or information designated as Confidential pursuant to this Order shall be used by any such person during the pendency of these cases for any purpose other than for the preparation, trial, appeal and/or settlement of these actions.

3. If a question arising at a pretrial deposition calls for an answer identifying a document designated as Confidential, or if such a document is identified and referenced at the deposition, either at the deposition itself or within 10 days after receipt of the transcript thereof, counsel with an interest in protecting such information shall notify all counsel of record that the information provided in such answer or question is considered designated as Confidential and shall designate such specific portions of the transcript of such deposition which shall thereafter be subject to the provisions of this Order. Failure to so designate, or failure to stamp a document "Confidential" when produced, constitutes a waiver of any claim of confidentiality to the document or any testimony, unless disclosure violates state or federal law.

4. Any person who is to obtain access to documents or information designated as Confidential pursuant to paragraphs 1, 2 or 3, except for the Court or Court personnel, prior to receipt of such confidential documents or information, shall be informed by the party providing access to such documents or information of the terms of this Order and shall agree in writing to be bound by this Order.

5. Designation of any document as Confidential is a representation by counsel, pursuant to Civil Rule 11, that counsel has reviewed the document and that the document is subject to confidentiality because it contains medical information

(individually or collectively), trade secrets, material privileged under any statute, or that disclosure of the information would work a serious, clearly defined harm to the producing party if disclosed.

6. Nothing in this Order prohibits a party from objecting to any document marked Confidential prior to the ruling of this Court on any Motion to Compel or Motion for Protective Order. The party asserting confidentiality has the burden to prove that the document deserves such treatment. If the Court determines that a party designating a produced document as Confidential made the designation without a good faith basis, the Court, in its discretion, may order sanctions against the party making the designation and/or its counsel.

7. This Order does not affect any party's ability to use any produced document or information at trial. In the event that any document or information designated as Confidential is included with or in any way disclosed by any pleading, motion, or other paper filed with the Court, such document or information shall be kept under seal by the Clerk until further order of the Court.

8. Within 30 days after final termination of these actions, including any appeals, all Confidential documents or information or extracts thereof not made part of the public record at trial, and non-privileged notes made therefrom, shall be destroyed.

9. Nothing contained in this Order and no action taken in compliance with it shall (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, confidential; or (b) prejudice in any way the right of any party to seek a Court determination of whether or not it should remain confidential and subject to the terms of

this Order.  Any party to this Order may request the Court to grant relief from any provision of this Order.

      10.    Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection or any other privilege.

      11.    When producing documents subject to this Order, the parties may redact personal information such as Social Security numbers, home addresses, and other personal identifying information that is not subject to disclosure, but no party shall redact names from any documents produced or responses to interrogatories. The parties' agreement is intended to insure compliance with all federal and state laws governing the privacy of medical information, including HIPPA.

**IT IS SO ORDERED.**

November 16, 2005                                 s/Norah McCann King
                                                                                           Norah McCann King
                                                                                           United States Magistrate Judge

APPROVED:

 /s/ Mike Moore, by Bradley Hummel per telephone authority
Mike Moore        (0025047)
1301 South High Street
Columbus, OH 43206
(614) 443-0554
mgmlaw@iwaynet.net
Trial Attorney for Plaintiffs


 /s/ Jami Oliver, by Bradley Hummel per telephone authority
Jami Oliver        (0061738)
471 East Broad Street, Suite 1303
Columbus, OH 43215
(614) 220-9100
joliver@jamioliver.com
Of Counsel for Plaintiffs

CITY OF COLUMBUS, DEPARTMENT OF LAW
RICHARD C. PFEIFFER, JR., CITY ATTORNEY


/s/ Alan P. Varhus by Bradley Hummel per telephone authority
Alan P. Varhus            (0012854)
Assistant City Attorney
90 West Broad Street, Room 200
Columbus, OH 43215-9013
(614) 645-6914
apvarhus@columbus.gov
Trial Attorney for Defendant


/s/ Bradley Hummel
Bradley Hummel     (0011953)
Assistant City Attorney
90 West Broad Street, Room 200
Columbus, OH 43215-9013
(614) 645-6945
gbhummel@columbus.gov
Of Counsel for Defendant