IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK CRAMBLIT, *et al.*,

          Plaintiffs,

    vs.                          Civil Action 2:05-CV-301
                                      Judge Sargus
                                      Magistrate Judge King

CITY OF COLUMBUS, OHIO,
*et al.*,

          Defendants.

## OPINION AND ORDER

       This is a civil rights action in which plaintiffs, employees of the defendant City of Columbus, challenge a policy requiring that certain employees submit to mandatory comprehensive physical examinations. The *First Amended Complaint*, Doc. No. 21, asserts six claims for relief; two of these claims are brought on behalf of a putative class of plaintiffs. The first claim, which invokes 42 U.S.C. §1983, alleges that the compulsory examinations "constitute unreasonable searches and seizures," *Id.*, at ¶14, Doc. No. 21; the fourth claim for relief, which invokes the Americans with Disabilities Act, 32 U.S.C. §§12101 *et seq.*, alleges that the compulsory medical examinations and medical inquiries violate 42 U.S.C. §12112(d)(4) "unless the examination or inquiry is shown by the employer 'to be job-related and consistent with business necessity; ...'" *Id.*, ¶34, Doc. No. 21. These two claims seek final injunctive relief prohibiting the defendant city from enforcing its mandatory examination policy and refer to a class under F.R. Civ. P. 23(b)(2). This matter is now before the Court on the parties' joint motion to file a second amended complaint in order to delete the class allegations. Doc. No. 36.

Under F.R. Civ. P. 15(a), a party may amend a complaint for the second time only by leave of Court or by stipulation, "and leave shall be freely given when justice so requires." F.R. Civ. P. 15(a). With the joinder of all parties in the motion for leave to amend, it is not clear that leave of Court to file the second amended complaint is necessary.

In support of the joint motion, the parties state:

> The parties have entered into a settlement agreement, under which the City has covenanted to end the Mandatory Comprehensive Physical Examination Policy. Because the Plaintiffs sought class certification only for purposes of injunctive relief to end that policy, the action of the City obviates the necessity for this Court to address the class issues.

> Upon grant by this Court of leave to file the Second Amended Complaint, the settlement will be fully operative and the parties will dismiss this case upon the filing of the documents.

*Motion of the Parties for Order Granting Plaintiffs Leave to File a Second Amended Complaint,* at pp. 1-2, Doc. No. 36.

No class has been certified in this action. Indeed, no motion to certify has ever been filed. Nevertheless, there is authority that the former version of F.R. Civ. P. 23(e)[1] required that notice of settlement be provided to putative members of the class unless the dismissal of the lawsuit without such notice will present no prejudice to the putative class members. *Doe v. Lexington-Fayette Urban County Gov't,* 407 F.3d 755 (6th Cir. 2005), *cert. denied,* 126 S.Ct. 1069 (2006). As plaintiffs note in their motion, the anticipated settlement of the claims asserted in this action will afford the complete relief sought by the class allegations. The Court is therefore persuaded that the

---

[1] F.R. Civ. P. 23(e) was substantially modified effective December 2003. Under its current formulation, Court supervision of settlement and compromise of claims is required only with respect to "a certified class." F.R. Civ. P. 23(e)(1)(A)(2003).

2

proposed settlement of the action and the redaction of all reference to class allegations will not result in prejudice to any putative members of the class.

The Court therefore **GRANTS** the parties' joint motion to file a second amended complaint, Doc. No. 36.

The Clerk is **DIRECTED** to file the second amended complaint which is attached as Exhibit A to the motion, Doc. No. 36.


June 21, 2006                          _s/Norah McCann King_
                                       Norah M<sup>c</sup>Cann King
                                 United States Magistrate Judge